Cuma, per
Johnson, J.
The proceeding by attachment against an officer of the court for a neglect of duty is *238 a substitute for amercement, in which the offender was punished by a fine to the king and in which the remedy of the party injured was on petition to the king to be indemnified out of the fine imposed; and the inconvenience of this mode of proceeding was the reason why the attachment, in which the court have the power to compel him to do justice to the injured party, has been substituted in its place. The King vs. the Sheriff of Middlesex, 1 H. Black. 543. And the court will in its discretion compel a sheriff to pay the whole amount of the plaintiffs loss and all costs that have accrued. Ibid.
It appears then that an attachment as for a contempt is in effect a civil proceeding of a.summary nature, by which courts of justice compel their officers to indemnify individual suitors for losses sustained by neglect of duty. To this remedy the present plaintiff has had recourse, and the question now is whether he can have a further satisfaction? I think not. It is a fundamental principle that a party is not entitled to more than one satisfaction for the same injury.
However often the mode of recovery may be varied, in the proceeding had the court might as before shown have compelled the defendant to do ample justice to the plaintiff and the presumption is that it did, and in its discretion might have superadded, as a condition to the discharge of the attachment, interest o>. the amount due him; or if the plaintiff had thought prop! have proceeded by action at law he might have recoITi’ddit. But having elected to proceed by attachment his wrongs are repaired and he can have no further remedy.